IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            CR. No. 02-1574 JC

DAVID HUDAK,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the United States' Motion to Reconsider Denial of Motion to Take Depositions in Canada of Roy Gabriel and Craig Myers, filed August 13, 2003 (*Doc. #235*). Having reviewed the motion and the relevant case law, the Court declines to reverse its prior ruling denying the government's request pursuant to Fed. R. Crim. P. 15(a) to depose potential witnesses in Canada.

Pursuant to Fed. R. Crim. P. 15(a), the government must demonstrate that there are exceptional circumstances requiring the taking of deposition testimony of potential witnesses. To determine whether exceptional circumstances exist, courts have enunciated several factors including: (1) unavailability of the witness; (2) materiality of the potential testimony; and (3) diligence and timing of the request. *United States v. Drogoul*, 1 F.3d 1546, 1553-54 (11th Cir. 1993). In its motion, the government sufficiently demonstrates the unavailability of its two potential witnesses. Materiality, however, is the stumbling block for the government. Although the government has established that the potential witness' testimony is material, the Court is unpersuaded that the government cannot elicit such testimony via other means.

Finally, the Court notes that the government filed this motion several weeks prior to trial, with the motion to reconsider filed several days before the trial's commencement. In its motion, the government acknowledges that if the Court grants the motion, the trial must be delayed due to the intricacies of working with a foreign nation. Although "it is error rigidly to adhere to a trial schedule regardless of the all-important factors of unavailability and materiality," *id.* at 1556, the moving party's diligence and timing are relevant considerations that a court may weigh under Rule 15(a). *Id.*

The Court thus finds that due to the government's delay in bringing the original motion coupled with its failure to demonstrate exceptional circumstances, its motion is denied.

Wherefore,

**IT IS ORDERED** that United States' Motion to Reconsider Denial of Motion to Take Depositions in Canada of Roy Gabriel and Craig Myers, filed August 13, 2003 (*Doc. 235*) is **DENIED**.

DATED August 15, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE