IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 2 7 2003

CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                CR. No. 02-1574 MCA

DAVID HUDAK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court on Defendant David Hudak's Motion to Dismiss the Superceding Indictment on Grounds that 22 U.S.C. § 2778(b)(2) is void for vagueness, filed July 22, 2003 (*Doc. 132*). Having reviewed the Motion, the Response, and all relevant authority, this Court hereby denies the Motion for reasons the that follow:

Defendant contends that the AECA and its implementing regulations are unconstitutionally void for vagueness as applied to him under the Due Process Clause of the Fifth Amendment to the United States Constitution. "Due process requires that a criminal statute provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal, for 'no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.'" *Buckley v. Valeo*, 424 U.S. 1, 77 (1976) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)). Thus, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited



and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

Importantly, as in this case in which "a criminal statute regulates economic activity, it generally 'is subject to a less strict vagueness test, because its subject matter is more often narrow and because businesses can be expected to consult relevant legislation in advance of action.'" *United States v. Iverson*, 162 F.3d 1015, 1021 (9th Cir.1998) (quoting *United States v. Doremus*, 888 F.2d 630, 634 (9th Cir.1989)). "[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982).

The language of the motion should be noted. Defendant's motion outlines various items on the Munitions List, 121 C.F.R. § 121, and proceeds to argue that:

> [a]s applied to the special weapons and tactics and counter-terrorism training HEAT provided to the UAE, the statute and regulations fail to give reasonable notice to an ordinary person in Mr. Hudak's circumstances that a license was required. No reasonable person in Mr. Hudak's position would have known that providing training in special weapons and tactics (SWAT) and techniques of counter-terrorism (CT) required a license intended for export of submarines, laser weapons systems, nuclear weapons, spacecraft systems chemical and biological weapons, military electronics... and certain types of miliary explosives and firearms.

This language clearly indicates that Defendant utilized weapons in his training of foreign soldiers. Anyone who has the expertise to train foreign persons with weapons designed to aid in the teaching of tactics and techniques of counter-terrorism cannot claim that he is an ordinary person who is unaware of the Munitions List, especially considering the list includes such items as "nonautomatic, semi-automatic and fully automatic firearms to the caliber of .50" 22 C.F.R. §121.1. Furthermore, Defendant does not contest that he was in the business of training soldiers and others, and as such,

it was his responsibility to consult all relevant regulations. *Iverson*, 162 F.3d at 1021.

Regarding defense services, the implementing regulations clearly define what is regulated under three categories. First, defense services is defined as, "[t]he furnishing of assistance (including training) to foreign persons, whether in the United States or abroad, in the ...operation...destruction, processing or use of defense articles." 22 C.F.R. §120.9(a)(1). Second, defense services include "the furnishing to foreign persons of any technical data... whether in the United States or abroad." §120.9(a)(2). Finally, defense services entail "military training of foreign units and forces, regular and irregular, including formal or informal instruction of foreign persons in the United States or abroad or by correspondence courses, technical educational, or information publications and media of all kinds, training aid, orientation, training exercise, and military advice." §120.9(3).

The AECA or its implementing regulations are not unconstitutionally vague as applied to Defendant. In fact, as applied to Defendant in this case, the statute is quite specific as to what conduct is prohibited: the export of training services without a license. As such, a person of ordinary intelligence, especially a business person as knowledgeable as Defendant holds himself to be, should be aware of what conduct is illegal.

Furthermore, in the discrete business of exporting military training, the statute and its implementing regulations are sufficient to put persons on notice that they should consult the applicable regulations and, if necessary, contact the appropriate government agency to resolve any perceived ambiguity. *Hoffman Estates*, 455 U.S. at 498 ("Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process."). Due to the statute's clarity and Defendant's business enterprise, the Court finds that the AECA is not void for vagueness as applied to Defendant, nor is Defendant an ordinary

person who was unaware of the pertinent regulations.

IT IS ORDERED that Defendant David Hudak's Motion to Dismiss the Superceding Indictment on Grounds that 22 U.S.C. § 2278(b)(2) is void for vagueness, filed July 22, 2003 (*Doc. 132*) is DENIED.

Dated August 27, 2003.

UNITED STATES DISTRICT JUDGE

-4-